In the matter of the estate of Susan M. Folwell, deceased.

[Filed November 14th, 1904.]

A married woman who died leaving a husband and children surviving her, by her will devised and bequeathed to a daughter all the residue and remainder of her estate absolutely, "subject to the legal rights of my husband * * * should he survive me."—*Held*, as to the residue of the

personal property of testatrix, that her intent was to give the same to the daughter absolutely only in case her husband had predeceased her, and that as the husband survived her, and was entitled *jure mariti* to his wife's personalty, the bequest failed, and testatrix died intestate thereof.

On appeal from a decree of the Atlantic county orphans court.

*Mr. Norman Grey,* for the appellant.

*Mr. John F. Harned,* for the respondent.

MAGIE, ORDINARY.

Susan M. Folwell, who died about October 11th, 1902, left a last will and testament, by which, after directing payment of debts and funeral expenses and bequeathing to a son some personal property, she made a disposition of the residue of her estate in the following words:

"I give, devise and bequeath unto my daughter, Elsie Maynard Folwell (subject to the legal rights of my husband, Thomas G. Folwell, should he survive me), all the rest, residue and remainder of my estate, absolutely."

Elsie Maynard Folwell, named as executrix, presented the will for probate, and it was admitted to probate and letters testamentary were issued thereon October 23d, 1902.

The executrix, not having filed any inventory or made any accounting of the estate, Thomas G. Folwell, the surviving husband of testatrix, on November 24th, 1903, presented to the orphans court a petition, claiming to be entitled to the entire personal estate of his deceased wife, and praying for an order directing the executrix to file an inventory and to account for the estate, or to be removed from office, &c.

To this petition the executrix filed an answer, claiming that she, and not petitioner, was entitled to the personal estate of testatrix.

The orphans court, being of opinion that petitioner's claim to the personal estate was good, made a decree requiring the executrix to file an inventory and to account for the same, and the appeal is from that decree.

If appellant's claim to be the absolute owner of the personal estate of testatrix is correct, she is not bound to file an inventory or to settle her account unless required to do so by the direction of the orphans court. *Orphans Court act, § 120, P. L. of 1898 p. 759.*

The power of the court to direct and require an inventory and account is to be exercised upon application of some "person interested in the estate." Upon the petition and answer the court below was therefore required to determine whether petitioner had any interest in the personal estate, and the contention on this appeal is that the court below erred in finding that he had such interest. This question must be solved by determining the meaning of testatrix, as expressed in the clause of her will above recited.

If Mrs. Folwell had died intestate, her husband would have been entitled to all her personal property, the *jus mariti* in this respect having been recognized and preserved. *Orphans Court act, § 170, P. L. of 1898 p. 780.* But Mrs. Folwell died testate of a will, which she had power to make. The power of a married woman to make a testamentary disposition of property was, at the time this will was made and became effective, conferred by section 9 of the "Act to amend the law relating to the property of married women," approved March 27th, 1874, (*2 Gen. Stat. p. 2012*), which section is in these words:

"That any will or testament hereafter made in due form of law by any married woman above the age of twenty-one years, of any real or personal property, shall be held to be as valid and effectual in law as if she were, at the time of making the said will, and at the time of her death, an unmarried woman; *provided always*, that nothing herein contained shall be so construed as to authorize any married woman to dispose, by will or testament, of any interest or estate in real property to which her husband would be at her death entitled by law; but such interest or estate shall remain and vest in the husband in the same manner as if such will had not been made."

This section extended to a married woman power to dispose of her property by will beyond that which had been conferred on her by the supplement to the Wills act of April 12th, 1864

(*P. L. of 1864 p. 698*), which supplement was repealed in the revision of 1874. *Rev. p. 1390.*

The legislation of 1864, in giving to a married woman power to make a will as effectual as the will of an unmarried woman, limited the power so as to preserve any interest in her real or personal property which her husband would have had at her death, which interest the act declared should remain in him as if the will had not been made. The ninth section, above quoted, gives to married women the same power, limited by a proviso, preserving, as against her will, any interest in real estate to which the husband would be entitled by law at her death. It does not admit of question that a married woman may now dispose of all her personal property by will, and that without the consent of her husband, and if she has done so her husband has no interest therein after her death. *Stoutenburgh* v. *Hopkins, 43 N. J. Eq. (16 Stew.) 577; S. C., 45 N. J. Eq. (18 Stew.) 890.* If she dies leaving a will disposing of only a part of or interest in her personal property, so that as to some interest therein she dies intestate, the husband's rights attach to that interest. *Nelson* v. *Nelson, 57 N. J. Eq. (12 Dick.) 118.*

If the clause in question had omitted the parenthetical sentence, its effect would have been entirely clear. It would have vested in the daughter all the personal estate of testatrix absolutely, and all the real property subject to the husband's estate by the curtesy, if he survived her, and would have such an estate by her death.

But testatrix chose to make her bequest and devise in this language, "subject to the legal rights of my husband, if he survive me."

On the part of the appellant, it is contended that the words in parentheses must be construed as limited in effect to the testatrix's real estate, the interest of the husband in which was by marriage and birth of issue an estate for life, if he survived her. I am unable to yield to this contention.

In the first place, it was wholly unnecessary to express the idea that her devise of real estate was subject to her husband's right if he survived her, for that right could not have been

affected by her will, even if the parenthetical sentence had been omitted.

Again, the expression "legal rights of my husband, should he survive me," is as applicable to his rights in personalty as to those by the curtesy in realty. The Married Woman's act destroyed the estate by the curtesy initiate. *Porch* v. *Fries, 18 N. J. Eq. (3 C. E. Gr.) 205; Hall* v. *Otterson, 52 N. J. Eq. (7 Dick.) 526; S. C., 53 N. J. Eq. (8 Dick.) 695; Trade Insurance Co.* v. *Barracliff, 45 N. J. Law (16 Vr.) 543.* But the estate by the curtesy of a husband surviving his wife, who died seized of lands, was not affected thereby. *Vreeland* v. *Ryno, 26 N. J. Eq. (11 C. E. Gr.) 160; Colgan* v. *Pellens, 48 N. J. Law (19 Vr.) 27; S. C., 49 N. J. Law (20 Vr.) 694; Middleton* v. *Steward, 47 N. J. Eq. (2 Dick.) 295.* The husband's curtesy in real estate has, since that time, accrued at the prior death of his wife. His rights in her personal property accrue at the same time.

Contrary to my first impression, I have reached the conclusion that the intent of testatrix expressed in this clause was, so far as it affects personal property, to vest in the daughter an absolute right thereto in case textatrix's husband died before his wife, but in case he survived testatrix, to make no disposition of the personal estate and to die intestate thereof, so that his right therein on surviving her would become absolute. No other construction of the will gives reasonable effect to the language used.

It results that the decree appealed from was correct, and must be affirmed.